# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1756

VINCENT ANTHONY VINCE,
                                      Appellant

v.

MATTHEW GODLEWSKI, in his individual capacity; JONATHAN KASKEY, in his individual capacity; JOSEPH WOZNIAK, in his individual capacity; JOHN CARLOS RODRIGUEZ, JR., in his individual capacity; ROBERT CAPPARELL, in his individual capacity; JOHN DOE No.1, in his individual capacity; JOHN DOE No. 2, in his individual capacity

_____

Appeal from U.S. District Court, M.D. Pa.
Judge Julia K. Munley, No. 3:24-cv-00902

Before: RESTREPO, FREEMAN, and MASCOTT, *Circuit Judges*
Submitted Pursuant to Third Circuit L.A.R. 34.1(a) January 21, 2026
Decided: June 3, 2026

_____

NONPRECEDENTIAL OPINION[*]

RESTREPO, *Circuit Judge*.

Appellant Vincent Anthony Vince appeals the District Court's order granting appellees' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the following reasons, we will affirm the order.

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

## I. BACKGROUND

The appellees are five officers from the Wilkes-Barre Township Police Department. Vince contends that those officers violated his Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 ("Section 1983"). The action arises from an incident on June 3, 2022, when Vince was retrieving his car from ACT Towing in Wilkes-Barre Township, Luzerne County, Pennsylvania. The appellees approached Vince and informed him they were arresting him based on an active warrant for an alleged violation of a Protection from Abuse Order. He advised the officers that the warrant had been dismissed by a judge of the Luzerne County Court of Common Pleas, but the appellees insisted that they had verified the warrant.

Vince contacted his lawyer who advised the appellees that the warrant had been lifted, and he could provide proof later that day. Vince's counsel directed the appellees to contact the Luzerne County Prothonotary's Office or Vince's wife to confirm the dismissal. Vince contends that the appellees refused to confirm those details, and instead, they placed him in handcuffs and advised him of his rights. He alleges that the appellees held him in a "hot, unairconditioned vehicle" for 3–4 hours until his wife secured copies of the court order nullifying the warrant. *Id.* After viewing the court order, the appellees made several phone calls before releasing Vince from custody. The same lawyer involved in the underlying incident currently represents Vince in this action.

Vince claims that he suffered trauma and severe emotional distress as a result of the incident. On June 6, 2024, he filed this lawsuit and alleged four causes of action: Count I – Section 1983 claims for false arrest, excessive force, and due process violations; Count

2

II – false arrest; Count III – false imprisonment; and Count IV – intentional infliction of emotional distress. In August 2024, the appellees moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all counts for failure to state a claim.

On March 21, 2025, the District Court granted the appellees' motion as to the Section 1983 claims and determined that the officers were protected by qualified immunity because they had "reasonably mistaken probable cause." JA15. The District Court did not give Vince leave to amend his complaint, finding that doing so would be futile. And finally, the District Court declined to exercise supplemental jurisdiction over the remaining state law claims for false arrest, false imprisonment, and intentional infliction of emotional distress, and dismissed those claims without prejudice. Vince appealed the District Court's dismissal of his complaint.

## II.    STANDARD OF REVIEW[1]

We exercise plenary review of a district court's order granting a motion to dismiss under Rule 12(b)(6), and we may affirm on any basis supported by the record. *Stringer v. Cnty. of Bucks*, 141 F.4th 76, 84 (3d Cir. 2025). Because our review is *de novo*, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

---

[1] The District Court had jurisdiction over the appellant's Section 1983 claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(a). We have appellate jurisdiction under 28 U.S.C. § 1291.

### III. SECTION 1983

Section 1983 does not create substantive rights, rather, it provides remedies for deprivations of rights established in the Constitution or under federal law. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). Under Section 1983, a plaintiff must establish a violation of a constitutional right caused by a person acting under the color of state law. *Phillips*, 515 F.3d at 235. There is no question that the appellees were acting under the color of the law, and thus, we are left to "identify the exact contours of the underlying right said to have been violated." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998). Here, Vince alleges that his Fourth, Fifth, and Fourteenth Amendment rights were violated.

#### A. THE FIFTH AND FOURTEENTH AMENDMENTS

The District Court dismissed Vince's Fifth Amendment claim because the Fifth Amendment only restricts the actions of federal officials, and the appellees, who are municipal officers, are not federal officials. JA8–9 (citing *Nguyen v. U.S. Cath. Conf.*, 719 F.2d 52, 54–55 (3d Cir. 1983)). We agree, and the District Court therefore committed no error in dismissing the Fifth Amendment claim.

Vince also challenges the District Court's dismissal of his Fourteenth Amendment claim, arguing that he "clearly pleaded" that the appellees "acted under color of state law [and] violated [his] Fourteenth Amendment right to procedural and substantive due process of law." Appellant Br. 26. But Vince misconstrues the issue; his claims for unlawful arrest and excessive force are not properly analyzed under the Due Process Clause.

The Fourth Amendment governs claims of unlawful arrest, not the Fourteenth Amendment's Due Process Clause. *See Berg v. Cnty. of Allegheny*, 219 F.3d 261, 268–69

4

(3d Cir. 2000); *DeLade v. Cargan*, 972 F.3d 207, 210 (3d Cir. 2020). And the Supreme Court has held that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest . . . should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Here, Vince's claims of unlawful arrest and excessive force fall squarely under the Fourth Amendment. Accordingly, the District Court did not err in dismissing Vince's Fourteenth Amendment claim.

## B. THE FOURTH AMENDMENT

Vince alleges two Fourth Amendment violations: unlawful arrest and excessive force. The District Court found Vince's allegations for excessive force to be "threadbare." JA10. We agree.

To determine if police conduct constitutes excessive force, we consider whether the force used was "'objectively reasonable' in light of the facts and circumstances confronting [the officers], without regard to their underlying intent or motivation." *Graham*, 490 U.S at 397. Here, Vince alleges that he was physically restrained by handcuffs in a hot car for 3–4 hours while the officers verified his assertion that his warrant had been lifted. He does not allege that complained to the officers of discomfort from the handcuffs or the temperature in the car. Thus, the District Court did not err in concluding that the complaint failed to state a Fourth Amendment claim for excessive force. *See Kopec v. Tate*, 361 F.3d 772, 776–77 (3d Cir. 2004) (concluding that handcuffing can be unreasonable if it was done unnecessarily or excessively).

5

The District Court also properly dismissed Vince's claim of unlawful arrest under the Fourth Amendment. An officer sued under Section 1983 is entitled to qualified immunity unless he (1) violated a constitutional right that (2) was clearly established when he acted. *George v. Rehiel*, 738 F.3d 562, 571–72 (3d Cir. 2013).

We begin and end our analysis on the first prong: whether Vince plausibly alleges a violation of his Fourth Amendment rights. He does not. The Fourth Amendment protects persons from "unreasonable searches and seizures" and prohibits arrests without probable cause. U.S. Const. amend. IV; *see Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). To determine whether an action was reasonable, we ask whether "the circumstances, viewed objectively, justify [the challenged] action." *Ashcroft v. al-Kidd*, 563 U.S. 731, 736 (2011) (citing *Scott v. United States*, 436 U.S. 128, 138 (1978)). And probable cause exists when "reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002).

We have generally extended qualified immunity to officers who make an arrest based on an objectively reasonable belief that there is a valid warrant, as long as it is reasonable in light of the relevant circumstances. *See Berg*, 219 F.3d at 273. Here, the officers' belief that there was a valid bench warrant gave them "reasonably trustworthy information," and thus, probable cause to arrest Vince. When Vince provided documentation that the warrant had been lifted, the officers confirmed the information and released him, which was reasonable under the circumstances. Therefore, the arrest was reasonable under

6

the Fourth Amendment and no violation occurred. The District Court committed no error in dismissing Vince's Section 1983 claim for unlawful arrest under the Fourth Amendment.

## IV.  LEAVE TO AMEND

If a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit the plaintiff leave to amend unless amendment would be inequitable or futile. *See Phillips*, 515 F.3d at 245. The District Court concluded that amendment to the complaint would be futile because Vince is currently represented by the same counsel who communicated with officers at the scene and directed Vince's wife to retrieve documents from the Luzerne County Courthouse. We agree that because of counsel's involvement with the underlying incident, any facts plausibly stating either an excessive force or unlawful arrest claim would have been alleged in the initial complaint. Thus, the District Court committed no error.

\* \* \* \* \*

For the foregoing reasons, we will AFFIRM.